THEODORE CARY and others, in equity, *vs.* NELSON HERRIN.

*Equity Practice. Master in chancery—effect of his findings. Payments—appropriation of.*

The findings of a master in chancery are not conclusive when objections made before him are overruled, and exceptions founded on such objections are taken and properly brought before the court.

His findings have then every reasonable presumption in their favor, and are entitled to as much weight as the verdict of a jury.

If the bill contains no allegation of any payments upon the mortgage sought to be redeemed, the complainants relying upon extrinsic evidence to establish them, so much of an answer as relates to payments which the respondent denies to have been made upon the mortgage note, is not responsive to the bill.

The court cannot apply a payment to an unsecured note, instead of one secured by mortgage, if the parties have made no such appropriation and the existence of such unsecured note is not established by admission or evidence before the court.

BILL IN EQUITY.

Upon the twenty-second day of November, 1854, the late Shepard Cary mortgaged to Nelson Herrin certain real estate in Houlton and vicinity, to secure a note for $4,500 payable in six months with interest. The complainants, sole heirs at law of Mr. Cary, brought this bill to redeem the land which descended to them from this incumbrance, stating only the fact of its existence upon their property, so inherited, and that they had demanded of the mortgagee an account, under R. S., c. 90, § 13, which was refused; offering to perform the condition of the mortgage, and praying process to compel the appearance of the defendant and a release of his claim upon payment of what might be found legally and equitably due to him. There was no charge of any payments, nor of any other facts. The respondent, by his answer, conceded the truth of all these allegations, and then proceeded to state other facts and circumstances relative to his transactions with the late Shepard Cary, which it is unnecessary to recite any further than to

say that he claimed that the deceased had given him another note of $2,572, one for $428, and had borrowed $1,000 on another occasion, and still $2,500 more at a later date; that he collected $1,000 for Mr. C. upon the note of Sumner Whitney, held by Cary as indorsee, $300 of which Mr. Herrin paid to Cary, and averred that the other $700 was to be retained by him as extra interest upon his various loans to Mr. Cary. He also claimed that another collection of $400 made by him for Cary was, by arrangement between them, to be retained by Herrin as extra interest; and denied that any sum, except a store-bill of $67.37, was ever paid on the mortgage note. He asserted that all other sums by him received of S. Cary, were to be, and were, applied in diminution of the unsecured indebtment, and claimed so to apply the $700 and $400 items, if he could not legally retain them as extra interest. At the first hearing before the master Mr. Herrin was allowed to testify in his own behalf, to the effect above stated, so far as relates to the extra interest; as appears by the report of the case in 59 Maine, 361; for which cause the matter was recommitted to the master, who reported again that the $700 were, by agreement of the original parties, at the time of its reception by Mr. H., appropriated to the payment of extra interest; that the $400 and divers other sums received by defendant should be applied in reduction of the mortgage debt. At the time the $700 and $400 were received the statutes of this State prohibited the taking of usurious interest. Both parties excepted to the master's report; the complainants because the $700 were not applied to reduce the mortgage note, and the respondent because the $400 were so applied. The receipts which Herrin gave S. Cary for the $400 expressed that it was received "on account of interest;" that for the $700 simply said: "received of S. Cary seven hundred dollars on note of Lock to Sumner Whitney." .

*L. Powers* and *Madigan & Donworth*, complainants' solicitors.

*A. W. Paine* and *C. M. Herrin*, for the respondent.

PETERS, J. Are the master's findings in this case conclusive? It has been held in this State, following the general rule of courts of chancery, that the findings of a master as matters of fact are conclusive. *Mason v. Y. & C. R. R. Co.*, 52 Maine, 83 ; *Simmons v. Jacobs*, Id., 147 ; *Bailey v. Myrick*, Id., 132. The doctrine thus stated was true as applicable to those cases, but it would not apply in cases where objections were taken before a master and overruled by him, and exceptions taken afterwards, based on such particular objections. In such case the objections should, if requested by the party making them, be presented in the report, and although it would be irregular for a master, even at the solicitation of parties, to report the testimony instead of his conclusions and findings upon the testimony; still, where objections are taken and overruled, the master, if so requested, should annex to his report so much of the evidence as bears upon such overruled objections, so that exceptions may be raised thereon. Taking the two reports together, it is evident enough that the present exceptions are properly before us. Being before the court in this way, the master's conclusions, if depending upon a conflict of testimony, would have every reasonable presumption in their favor, and are entitled to as much weight as the verdict of a jury, and are not to be set aside or modified without clear proof of error or mistake on his part. *Sparhawk v. Wills*, 5 Gray, 423 ; *Dean v. Emerson*, 102 Mass., 480.

Notwithstanding these favorable presumptions in behalf of the master's report in this case, we are of the opinion that his finding which disallows the item of $700 as a credit upon the mortgage, upon the ground that it was a payment not upon the contract secured by the mortgage, but upon certain usurious contracts outside of it, is not sustained by any legal evidence in the case. The error consists in admitting the answer of the defendant as evidence in his behalf upon the point in controversy. The correctness or error of such admission depends entirely upon the question whether or not that portion of the answer which sets out a special agreement of the parties to appropriate the $700 on usurious contracts

Cary *v.* Herrin.

was responsive to the bill. We think it was not. The rule is thus stated by Story: "The plaintiff calls on the defendant to answer an allegation of fact which he makes; and thereby he admits the answer of that fact." The complainants in this case make no allegation about this payment, or any other payment whatever; and do not even allege that any payments were ever made; but merely call upon the respondent for a true account. At most they would be regarded as calling upon him in a general way for a statement of such payments, if any, as have been made upon the mortgage note, and not for payments not made upon it. The claim of the respondent is, that the $700 was to be appropriated upon a contract distinct and independent of the mortgage note; otherwise he would not come within the principle of the case of *Rohan v. Hanson*, 11 Cush., 44, on which his counsel relies; for, if it is admitted that the sum was taken or reserved as usury upon the mortgage note, it would have to be accounted for as a payment on such note in this bill for redemption. *Hunt v. Goldsmith*, 1 Allen, 145.

The answer would be responsive so far as its general denial goes that any payments (but one) were ever made upon the mortgage note, but that statement is clearly overcome by evidence of subsequent admissions made by the respondent himself. It is inferable from what occurred at an interview between the parties, that the construction which the respondent would give to these matters would be, that he should be allowed his principal and interest at twelve per cent. upon the several notes, and that all the sums receipted for should apply to that sum total, rather than that the $700 should be specifically applied upon the contract for extra interest. Inasmuch then as the respondent cannot testify through his answer; and it has been decided, he cannot as a witness, as see this case in 59 Maine, 361; and there is no other proof whatever to support the position claimed by him, the $700 item must be carried to the credit side of the account as stated by the master, and the $400 item stand as it is. To make this correction the court can modify the report without referring it back to the master. *Taylor v. Reed*, 4 Paige, 561.

It was suggested at the argument, that if the $700 must be appropriated upon any note it should be upon an unsecured note of $2,500, held by the respondent against the ancestor of the complainants. Parties can make such appropriation as they please; but if the law shall make the application of the payment, there must be some established or admitted claim to make it upon. The master does not report to us the existence and validity of any such note, nor was he by the respondent required to do so. No such claim can be assumed by us to exist.

The respondent's exceptions are overruled. The complainants' exceptions sustained. The report of the master to be modified by the court, so that upon the payment of the sum ascertained by the master, less the $700 and interest from November 1, 1858, the complainants will be entitled to redeem.

*Decree accordingly and for costs.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and BARROWS, JJ., concurred.